

**Marc S. Casarino**

600 N. King Street, Suite 800 | Wilmington, DE 19801-3722
Direct 302.467.4520 | Fax 302.467.4550
casarinom@whiteandwilliams.com | whiteandwilliams.com

March 23, 2021

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

Re: *Barrier1 Systems Inc. v. RSA Protective Technologies, LLC*, C.A. No.:  20-00340-MN

Dear Judge Noreika:

We, along with Haug Partners LLP, represent Defendant and Counterclaim Plaintiff RSA Protective Technologies, LLC in *Barrier1 Systems Inc. v. RSA Protective Technologies, LLC*, C.A. No.:  20-00340-MN.  We write pursuant to the Court's oral order of February 8, 2021, requiring that the parties advise the Court within seven days of a final written decision by the Patent Trial and Appeals Board ("PTAB") on the *Inter Partes* Review ("IPR") filed by Ameristar Perimeter Security USA ("Ameristar").  This IPR was terminated on March 16, 2021.  We also write to request that in light of the IPR being terminated, the stay in this case be lifted and the Court order a new schedule.  Barrier1 Systems Inc. ("Barrier1") has refused to agree to a schedule and maintains that no schedule should be ordered in this case until its motion to dismiss is renewed and either 1) decided or 2) a request for a hearing on its motion is denied.

On August 6, 2020, Ameristar (the plaintiff in related C.A. No.:  20-00341-MN, concerning the same patent-in-suit as the present case) filed a petition for IPR on the RSA patent at issue in this litigation.  On September 23, 2020, both the present case against Barrier1 and the case against Ameristar were stayed pending decision on institution of the IPR and a new schedule was ordered should institution be denied.  (D.I. 49).  On February 5, 2021, the PTAB instituted the IPR.  Ameristar and RSA then settled their dispute and, on March 15, 2021, filed a Joint Stipulation of Dismissal with this Court with respect to all claims between Ameristar and RSA.  (D.I. 58 in C.A. No. 20-00341-MN).  The PTAB terminated Ameristar's IPR March 16, 2021.  Therefore, the present case against Barrier1 should be reopened and a new schedule ordered.

Immediately after the PTAB terminated Ameristar's IPR, counsel for RSA reached out to Barrier1 for the purposes of entering into a Joint Stipulation to lift the stay, and proposed a new schedule for the case once reopened.  (Ex. 1, email correspondence between J. Zafonte and J.

Delaware | Massachusetts | New Jersey | New York | Pennsylvania | Rhode Island

March 23, 2021
Page 2

Higgins).  Barrier1 argued that it intended to renew its motion to dismiss RSA's counterclaim of infringement  (which the Court denied on February 8, 2020 "with leave to renew, if appropriate, after the IPR") and request that the Court reschedule a hearing on its motion to dismiss  *before* scheduling further deadlines in the case.  Therefore, Barrier1 was only willing to agree to a schedule for this case should its request for a hearing on its motion to dismiss be denied.  In negotiating this schedule, Barrier1 pushed back many of the dates RSA proposed by several months,[1] but refused to even discuss an alternative schedule that it would agree to if its request for a hearing on its motion to dismiss were granted.  Barrier1 maintains the position that if its request for a hearing on its motion to dismiss is granted, ***this case should not move forward at all until its motion is decided, and no schedule should be ordered whatsoever***.  Barrier1 also notified RSA that it would seek leave to file additional briefing in furtherance of its motion to dismiss.

Barrier1's refusal to agree to a schedule for this case once reopened is unreasonable and will unnecessarily delay this case.  A new schedule should be ordered at the time the stay is lifted so that the case can proceed immediately upon reopening, and should not be contingent in any way on Barrier1's pending motion to dismiss.  It is just not clear why the case should not move forward until *after* Barrier1's motion to dismiss has been determined—this case was adhering to a previously ordered schedule before the stay despite Barrier1's motion to dismiss having not yet been heard.

Therefore, the parties agree that the stay in this case should be lifted, and agree that the below schedule should be ordered *if* Barrier1's request for a hearing on its motion is denied.  It is RSA's position, however, that this schedule should be ordered as of the time the stay is lifted, regardless of the status of Barrier1's motion.

| DEADLINE | DATE |
| --- | --- |
| Exchange List of Claim Term(s)/Phrase(s) | April 5, 2021 |
| Joint Claim Construction Chart | May 5, 2021 |
| RSA Opening Claim Construction Brief | June 4, 2021 |
| Barrier1 Answering Claim Construction Brief | July 2, 2021 |
| RSA Reply Claim Construction Brief | August 2, 2021 |
| Barrier1 Sur-Reply Claim Construction Brief | September 2, 2021 |
| Filing of Joint Claim Construction Brief | September 30, 2021 |
| Claim Construction Hearing | At Court's Discretion |
| Joinder of Other Parties | August 31, 2021 |
| Amendment of Pleadings | June 4, 2021 |
| Substantial Completion of Document Production | September 30, 2021 |
| Supplementation of Accused Products and | October 15, 2021 |

[1] RSA agreed to the new dates Barrier1 set forth in this schedule in an attempt to compromise and move this case forward.

March 23, 2021
Page 3

| Invalidity References | |
|---|---|
| RSA to Provide Final Infringement Contentions | November 1, 2021 |
| Barrier1 to Provide Final Invalidity Contentions | December 1, 2021 |
| Fact Discovery Cut-Off | February 28, 2022 |
| Rule 26(a)(2) Disclosure of Expert Testimony | April 28, 2022 |
| Opening Expert Reports | April 28, 2022 |
| Supplemental Disclosure (Rebuttal Reports) | May 26, 2022 |
| Deadline for Expert Depositions | June 30, 2022 |
| Case Dispositive Motions | July 31, 2022 |
| Joint Proposed Final Pretrial Order in Compliance with Local Rule 16.3(c) | Seven business days before Final Pre-Trial Conference |
| Proposed Voir Dire, Preliminary Jury Instructions, Final Jury Instructions, and Special Verdict Forms | Seven business days before Final Pre-Trial Conference |
| Final Pretrial Conference | At Court's Discretion |
| Trial (5 days) | At Court's Discretion |

Very truly yours,

WHITE AND WILLIAMS LLP

Marc Casarino (DE #3613)

MSC:mc