


Christopher H. Blaszkowski
Direct Dial: 610-993-4226
Email: cblaszkowski@ratnerprestia.com

March 24, 2021

**VIA ECF**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

Re: Barrier1 Systems, Inc. v. RSA Protective Technologies, LLC
C.A. No. 20-00340-MN

Dear Judge Noreika:

My firm represents Barrier1 along with John Higgins of Additon, Higgins & Pendleton, P.A. This letter responds to the letter from RSA's counsel, dated March 23, 2021, concerning the parties' negotiation of a proposed amended schedule to govern the case upon lifting the stay.

RSA's letter incorrectly states that "Barrier1 has refused to agree to a schedule …." Barrier1 in fact agreed to the schedule identified in RSA's letter, but only if the Court declined to either: 1) hear Barrier1's renewed motion to dismiss (D.I. 14) ("the Motion to Dismiss"); or 2) otherwise hold a scheduling conference to address any issues relating to the Motion to Dismiss or the amended schedule.

RSA provided Barrier1 with a proposed amended schedule Tuesday, March 16 around 5:30 pm. After considering RSA's proposed amended schedule—which included several aggressive deadlines[1]—and conferring with Barrier1, Mr. Higgins proposed changes and provided preliminary comments Friday, March 19 at 5:22 pm. The parties ultimately reached agreement on each of these dates.

However, RSA continued to oppose Barrier1's request to have its motion to dismiss heard prior to the entry of a new scheduling order. On Monday evening, RSA and Barrier1 had

[1] For example, RSA's original schedule allowed RSA one month to file its reply claim construction brief, but only two weeks for Barrier1 to file its sur-reply. Barrier1 also proposed extending the Fact Discovery Curt-Off from RSA's proposal of January 3, 2022 to February 28, 2022, given the relatively close deadlines for final contentions and the December holidays.





agreed to include their respective positions in the stipulation to lift the stay and amend the schedule. Barrier1's position, provided to RSA at 12:21 pm yesterday, is as follows:

> WHEREAS, after the Court lifts the stay, Barrier1 will renew its Motion to Dismiss and Barrier1 requests that the Court reschedule a hearing on its Motion to Dismiss before scheduling further deadlines as the Motion to Dismiss may resolve this action on the merits. In particular, and as set forth in the Motion to Dismiss, despite three separate lawsuits over the course of two and a half years asserting patent infringement claims against Barrier1's shallow mount bollards, RSA still has not pled a plausible claim of patent infringement. That RSA has not done so yet despite this litigation history suggests an evidentiary deficiency. Indeed, RSA's failure to plead a plausible case of infringement is again underscored in this case as RSA had detailed drawings of Barrier1's accused bollards and RSA's CEO and named co-inventor actually inspected the accused Barrier shallow mount bollards as they were being installed at the Los Angeles International Airport. In this respect, the Motion to Dismiss can achieve the relief requested by Barrier1 in this declaratory judgment action which seeks a determination that Barrier1's shallow mount bollards do not infringe the patent-in-suit. If the Court were to dismiss RSA's infringement counterclaim with prejudice, the Court should also dismiss Barrier1's claim requesting a declaratory judgment without prejudice, which would end the action subject to any appeal.[2] Separately, the time that it would take to resolve Barrier1's motion to dismiss would be insignificant compared to RSA's delay in pursuing its infringement claims against Barrier1's shallow mount bollards since RSA learned of Barrier1's shallow mount bollards in 2018. Further, RSA was willing to stay the present action for almost 18 months to allow the PTAB to address Ameristar's IPR petition and issue a final written decision. Finally, if granted, Barrier1's motion would lead to an early resolution of the parties' dispute, conserve judicial resources as Rule 12(b)(6) is designed to do, and would allow the parties to avoid incurring unnecessary legal fees and costs.

(Exhibit A.)

Barrier1's position has always been that if the Court determined that the case should move forward, then Barrier1 would abide by the proposed schedule. But if the Court: 1) sets a hearing for the Motion to Dismiss; or 2) otherwise orders a scheduling conference to address any scheduling issues, including any issue caused by the Motion to Dismiss, then the agreed upon schedule would likely need to be amended. In either scenario, Barrier1 believes that the parties could reach an agreement on an appropriate schedule with the Court's guidance. So far, Barrier1,

---

[2] If the Court were to dismiss RSA's infringement counterclaim, then Barrier1's action for a declaratory judgment of noninfringement would become moot for lack of case or controversy. The Court could then dismiss Barrier's declaratory judgment claim without prejudice.





Ameristar, and RSA have reached agreement in three schedules, including the latest proposed schedule in RSA's letter.

Instead of inserting RSA's position into the Joint Stipulation to file with the Court, RSA's counsel informed Barrier1, *inter alia*, that RSA would abandon the Joint Stipulation and unilaterally send a letter to the Court.

Barrier1 does not want to delay this action unreasonably. Barrier1 wants to remove the cloud caused by RSA's prior lawsuits and infringement allegations. However, Barrier1 does not want to incur unnecessary and substantial legal fees and costs if the dispute can be resolved by the Motion to Dismiss.

Respectfully submitted,

RatnerPrestia

Christopher H. Blaszkowski

CHB/ac