IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARRIER1 SYSTEMS, INC.,   )<br>  )<br>           Plaintiff,   )<br>  )<br>      v.   )   C.A. No. 20-340 (MN)<br>  )<br>RSA PROTECTIVE TECHNOLOGIES, LLC,   )<br>  )<br>           Defendant.   )  | |
| GIBRALTAR PERIMETER SECURITY, LP,   )<br>  )<br>           Plaintiff,   )<br>  )<br>      v.   )   C.A. No. 20-1121 (MN)<br>  )<br>RSA PROTECTIVE TECHNOLOGIES, LLC,   )<br>  )<br>           Defendant.   )  | |

## **MEMORANDUM OPINION**

Christopher H. Blaszkowski, Andrew J. Koopman, RATNERPRESTIA, Wilmington, DE; John P. Higgins, JOHN HIGGINS LAW, PLLC, Charlotte, NC – Attorneys for Barrier1 Systems, Inc.

Philip A. Rovner, Jonathan A. Choa, Alan R. Silverstein, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Tom Van Arsdel, WINSTEAD PC, Houston, TX, Jay S. Bowen, Rebekah L. Shulman, SHACKELFORD BOWEN MCKINLEY NORTON, LLP, Nashville, TN – Attorneys for Gibraltar Perimeter Security, LP

Marc S. Casarino, WHITE AND WILLIAMS LLP, Wilmington, DE; Joseph V. Saphia, Laura A. Chubb, Jessica H. Zafonte, HAUG PARTNERS LLP, New York – Attorneys for RSA Protective Technologies, LLC

October 7, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court are the renewed motions of Plaintiffs/Counter-Defendants Barrier1 Systems, Inc. ("Barrier1") and Gibraltar Perimeter Security, LP ("Gibraltar") to dismiss Defendant/Counter-Plaintiff RSA Protective Technologies, LLC's ("RSA") counterclaims. (D.I. 66, C.A. No. 20-340-MN; D.I. 21. C.A. No. 20-1121-MN). For the reasons set forth below, Barrier1's motion is DENIED and Gibraltar's motion is GRANTED-IN-PART and DENIED-IN-PART.

**I.    BACKGROUND**

RSA owns U.S. Patent No. 8,215,865 ("the '865 Patent"), which covers an anti-ram system and method of constructing shallow mount security bollards. Barrier1 and Gibraltar manufacture and sell bollards. Barrier1 and Gibraltar each filed a declaratory judgment action in this Court seeking a declaration of non-infringement of the '865 Patent after RSA sued their customers for infringement. (D.I. 1, C.A. No. 20-340-MN; D.I. 1, C.A. No. 20-1121-MN). RSA counterclaimed against each party, alleging direct infringement of the '865 Patent. (D.I. 9, C.A. No. 20-340-MN; D.I. 6, C.A. No. 20-1121-MN).

Barrier1 and Gibraltar then filed motions to dismiss RSA's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 14, C.A. No. 20-340-MN; D.I. 7, C.A. No. 20-1121-MN). Before ruling on the motions, the Court entered a Joint Stipulation to Stay each action pending an *Inter Partes* Review ("IPR") before the Patent Trial and Appeal Board ("PTAB") in a related case. (D.I. 49, C.A. No. 20-340-MN; D.I. 16, C.A. No. 20-1121-MN). Thereafter, the Court dismissed Barrier1's and Gibraltar's motions to dismiss with leave to renew, if appropriate, after the IPR. (D.I. 54, C.A. No. 20-340-MN; D.I. 16, C.A. No. 20-1121-MN). The PTAB later terminated the IPR after the parties in the related case settled, and this Court lifted the

stay. Both Barrier1 and Gibraltar renewed their motions to dismiss. (D.I. 66, C.A. No. 20-340-MN; D.I. 21, C.A. No. 20-1121-MN).

## II.     LEGAL STANDARD

When addressing a motion to dismiss counterclaims pursuant to Rule 12(b)(6), courts employ the same standard used in assessing a claim in a complaint. *Identix Pharms., Inc. v. Gilead Sciences, Inc.*, C.A. No. 13-1987-LPS-CJB, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014) (citing *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 898–99 (E.D. Pa. 2011)). The Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-moving party. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232–33 (3d Cir. 2008). Dismissal under Rule 12(b)(6) is only appropriate if the pleading does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a party to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

Allegations of patent infringement must put the "potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1283 (Fed. Cir. 2013). Patentees will not assert a plausible claim for infringement "by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it

2

is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). This standard, however, does not require the patentee to "prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)). And "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading*, 618 F.3d 1323, 1335 (Fed. Cir. 2012).

### III. DISCUSSION

RSA's counterclaim alleges that Barrier1's shallow mount bollards with model numbers SMB400, SMB-800, SMB-1200-SA, and SMB-1200 directly infringe claims 1–35 of the '865 Patent. (*See* D.I. 9 ¶¶ 32–88, C.A. No. 20-340-MN). RSA additionally alleges that Gibraltar's G-1150 shallow mount bollard infringes claims 1–5, 7–10, 12–21, 23–26, and 28–35 of the '865 Patent. (*See* D.I. 6 ¶¶ 46–79, C.A. No. 20-1121-MN).

Liability for direct infringement arises under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." The activities set forth in § 271(a) do not result in direct infringement unless the accused product embodies the complete patented invention. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 n.2 (Fed. Cir. 2000). Therefore, to state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product infringes the asserted claim(s). *See TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965-LPS-CJB, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018).

Barrier1 moved to dismiss all claims of infringement, arguing that RSA's complaint failed to establish that it was plausible that Barrier1's products infringe the '865 Patent. (D.I. 67, C.A. No. 20-340-MN). Barrier1 focused its argument on similar limitations in each of the '865 Patent's three independent claims (claims 1, 16, and 33) that, in its view, cannot plausibly be infringed by its products. Barrier1 asserts that its products, which use rebar, cannot infringe the '865 Patent because each claim requires a "structural member" which, according to Barrier1's preferred construction, does not include rebar. (*See* D.I 67 at 12–13, C.A. No. 20-340-MN). Further, pointing to the '865 Patent's requirement that members "intersect and [be] tied together," Barrer1 argues that its bollard system, which allegedly uses rebar that is inserted into holes, cannot plausibly contain members which are "tied together." (*See id.* at 13–16). Along similar lines, Barrier1 asserts that RSA's allegation that Barrier1's bollards "retain within the base supporting media introduced into the base" cannot be met because media is "poured in" to Barrier1's bollards. (*See id.* at 16–17). Barrier1 further asserts that RSA has not plausibly alleged infringement under the doctrine of equivalents. (*See id.* at 17–19).

Gibraltar also moved to dismiss RSA's counterclaims. (D.I. 21, C.A. No. 20-1121-MN). Gibraltar asserts that the last "wherein" clause in each independent claim of the '865 Patent imposes limitations that the counterclaim's allegations do not track. (*See* D.I. 22 at 10–12, C.A. No. 20-1121-MN). Gibraltar, like Barrier1, also claims that its bollards, which use rebar, cannot plausibly satisfy the "structural member" limitation and that RSA did not plausibly allege that their products "retain within the base supporting media introduced into the base." (*See id.* at 11–13). In addition, Gibraltar sought to dismiss RSA's claim that Gibraltar's product infringed the '865 Patent's dependent claims, noting that the counterclaim merely mimicked the claim language. (*See id.* at 13–15). Gibraltar further alleged that RSA's allegations of willful

4

infringement are inadequate because the counterclaims allegedly "do not fairly put GPS on notice of RSA's claims or their supporting grounds." (*Id.* at 15).

In ruling on a motion to dismiss, courts test the sufficiency of the complaint by reference to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, however, Barrier1 and Gibraltar's arguments largely depend on claim construction. During the claim construction process, "[t]he court may, in its discretion, receive extrinsic evidence in order 'to aid the court in coming to a correct conclusion' as to the 'true meaning of the language employed' in the patent." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995). As such, the vast majority of courts have held claim construction to be inappropriate on a motion to dismiss. *See, e.g., Nalco*, 883 F.3d at 1349; *In re Bill of Lading*, 681 F.3d at 1343 n.13; *Encore Dermatology Inc. v. Glenmark Pharms. Ltd.*, No. CV2002509KMESK, 2020 WL 7586958, at *3 (D.N.J. Dec. 22, 2020); *Deston Therapeutics LLC v. Trigen Laboratories Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010); *Yangaroo Inc. v. Destiny Media Techs.*, No. 09–462, 2009 WL 2836643, at *3, (E.D. Wis. Aug. 31, 2009). "To engage in the claim construction process upon review of a motion to dismiss would be to go beyond the scope of a court's traditional gatekeeping role in reviewing such a motion; it would instead amount to a more in-depth evaluation of the merits of a plaintiff's case." *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874, at *22 (D. Del. Nov. 13, 2012). The Court agrees with these cases and will decline to engage in claim construction at this stage of the case.

On a motion to dismiss, claims are given "their broadest possible construction." *Bill of Lading*, 681 F.3d at 1343 n.13 (Fed. Cir. 2012). Under this construction, the Court finds that, after

5

taking as true all of RSA's factual allegations, RSA has stated a plausible claim for relief against both Barrier1 and Gibraltar. RSA's counterclaims put both parties on notice as to which products it alleges infringes its '865 Patent. (*See* D.I. 9 ¶ 52, C.A. No. 20-340-MN; D.I. 6 ¶¶ 46–79, C.A. No. 20-1121-MN). Further, RSA goes through each limitation of its independent claims to show how the products Barrier1 and Gibraltar manufacture and sell infringe the '865 Patent. (*See* D.I. 9 ¶¶ 55–65, 80–81, 85–86); D.I 6 ¶¶ 48–58, 71–72, 76–77). The Court finds that these pleadings state a plausible claim for relief and are sufficient to put Counter-Defendants Barrier1 and Gibraltar on notice as to how manufacturing, using, marketing, and selling their respective bollards may constitute infringement of the '865 Patent and will therefore deny the motion.

The Court is similarly unpersuaded by Gibraltar's argument that RSA failed to plead sufficient factual information that, taken as true, failed to state a plausible claim for relief as to infringement of the '865 Patent's dependent claims. (*See* D.I. 22 at 15, C.A. No. 20-1121-MN). To adequately plead infringement of dependent claims, claimants may "make a connection between sufficiently pled factual matter of the independent claims, and the simultaneous effect on the dependent claims." *Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 U.S. Dist. LEXIS 52679, at *20 (D. Del. Apr. 6, 2017). In *Zimmer Surgical*, the Court was satisfied by the plaintiff's allegation that the defendants "directly and indirectly infringe at least claims 17-23, 25-28, 30, 32-38, 40, and 41 . . . which depend from independent claims 15 and 29." *Id.* at *20–21. As in *Zimmer Surgical*, the Court finds that RSA adequately pled infringement of the '865 Patent's dependent claims by sufficiently pleading factual matter of the independent claims and relating them to the dependent claims and will therefore deny the motion. (*See* D.I. 6 ¶¶ 59–70, 73–75, 78–79, C.A. No. 20-1121-MN).

Gibraltar further alleges that RSA did not adequately plead that Gibraltar willfully infringed the '865 Patent in its complaint. In its briefs, RSA agreed to withdraw its allegations of willful infringement pending further discovery. (D.I. 24 at 13, C.A. No. 20-1121-MN). Therefore, the Court will grant Gibraltar's motion to dismiss RSA's counterclaim of willful infringement, without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff/Counter-Defendant Barrier1 System Inc.'s Motion to Dismiss Counterclaims is DENIED and Plaintiff/Counter-Defendant Gibraltar Perimeter Security, LP's Motion to Dismiss Counterclaims is GRANTED-IN-PART and DENIED-IN-PART. An appropriate order will be entered.